<em>Judgment reversed and<br>new trial awarded.</em>

(Decided 20th June, 1872.)

---

GEORGE W. TAYLOR *vs.* CHARLES HILL and others, Trustees of the BANK OF METROPOLIS.

*Effect of the Voluntary dissolution of a Partnership as to third persons—Liability of Partners, after a Voluntary dissolution, to third persons, without Notice, for notes executed or endorsed by one of the Partners in the name of the Firm.*

B, a member of the firm of B & T, engaged in the milling business, was in the habit of issuing and negotiating commercial paper in the name of the firm, for the purpose of raising money for the use of the firm, which paper was discounted by the bank of M in its regular course of business. A voluntary dissolution of the firm took place, of which no

Taylor *vs.* Hill, *et al.*, Trustees.

notice was published, and of which the bank had no actual knowledge. The bank continued to deal with B on account of the firm, and after its dissolution discounted two notes drawn or endorsed by B in the firm name. B died, and judgments on the notes were confessed by an attorney in favor of the bank, against T, the surviving partner. Executions were issued on the judgments and levied on the property of T. A bill was filed by T to restrain the further execution of the writs of *fieri facias*, upon the grounds, among others, that the notes upon which the judgments were entered were drawn by B after the dissolution of the firm, and negotiated by him for his private use and benefit; and, further, that the suits on the notes were docketed, and judgments confessed thereon, without his authority or knowledge. HELD:

That the complainant was not entitled to the relief prayed, as no meritorious ground of defence was disclosed by the bill.

Notes executed or endorsed by one partner in the name of the firm, after a dissolution of the partnership, of which no notice was published, are binding on the other partners, in the hands of strangers who received them for value, in the regular course of business, without actual knowledge of the dissolution.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The bill of complaint in this case was filed by the appellant against the appellees, John E. Turton, sheriff, and Samuel H. Berry and John E. Berry, administrators of Albert B. Berry. The bill charged that at the November Term, 1865, of the Circuit Court for Prince George's county, two judgments at law were obtained against the complainant, as surviving partner of Albert B. Berry, by the appellees—one for $1,150, with interest thereon from the 13th of January, 1862, and costs; and the other for $500, with interest thereon from the 21st of April, 1862, and costs; and that writs of *fieri facias* had been issued on said judgments, returnable to the April Term, 1867, of said Circuit Court, and that under the said executions the sheriff had proceeded to levy upon the property of the complainant, and had advertised the same for sale. The bill further stated that the suits when originally brought, were docketed "to lie," at the April Term, 1865, and without any summons having been issued in the case, or

Taylor *vs.* Hill, *et al.*, Trustees.

served on the complainant, Samuel H. Berry, an attorney at law, entered his appearance for the complainant without any authority from him, either general or special, and at the November Term, 1865, confessed judgments in the said suits—the complainant having no knowledge of the suits, and never having authorized the said Berry to confess judgments therein. The bill further stated that the complainant never was indebted upon the notes upon which the judgments were confessed, and if he had known of the existence of the suits, he could have shown that he was not liable to pay the notes. The bill further showed that the complainant, in the year 1859, entered into a special and limited partnership with Albert B. Berry, under the style of "Berry & Taylor," for carrying on the milling business in Bladensburg, and it was understood that neither of the partners should use the firm name upon any note or obligation for the payment of money, without the knowledge and consent of the other. The bill further alleged that the said notes upon which the judgments are confessed, were drawn or endorsed without the knowledge or consent of the complainant, in the name of "Berry & Taylor," by Albert B. Berry; that they were not negotiated for the use of the firm, nor did the firm ever receive any value for the same, but they were drawn or endorsed for the private use and benefit of Albert B. Berry; and these facts the complainant alleged he could have proved had he known of the existence or pendency of the suits. The bill also showed that Albert B. Berry died in the year 1862, and that letters of administration had been granted to Samuel H. Berry and John E. Berry. The bill prayed for an injunction to restrain the further execution of the writs of *fieri facias*, and the enforcing the payment of the judgments recovered as aforesaid against the complainant. The injunction issued as prayed. Samuel H. Berry and John E. Berry, as administrators, answered the bill, which was subsequently dismissed as to them by the complainant. The appellees also answered, admitting the rendition of the judgments, the issuing of the executions, and the docketing of the suits to lie, but they

stated that they were informed and believed that Samuel H. Berry was the attorney of the complainant, and was authorized to appear to said suits and conduct the same on behalf of the complainant, and did act by his authority. The respondents further stated that the two notes upon which the judgments were recovered, came to them in the regular course of their banking operations, before their maturity, and by a legal and regular endorsement of the same to them, for value received; that they were ignorant of the terms upon which the partnership was formed, and that having no knowledge of the understanding between the partners, or the terms of the partnership, but having received them in the regular course of their business, they were entitled to recover the said judgments. The death of Albert B. Berry and the granting of letters of administration upon his estate, were admitted.

The case was set down for hearing on motion to dissolve the injunction, and an order was passed to take testimony. The complainant was examined and testified on his own behalf—evidence was also introduced in behalf of the respondents. Exceptions were taken to the testimony of the complainant under the Act of 1864, ch. 109. The evidence is sufficiently stated in the opinion of this Court.

The Circuit Court (MAGRUDER, J.) passed an order dissolving the injunction. From this order the complainant appealed.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and ROBINSON, J.

*Daniel Clarke,* for the appellant.

The Act of 1864, chap. 109, sec. 2, does not apply to this case, the bill having been dismissed as against the administrators of A. B. Berry. *Cooke vs. Cooke,* 29 *Md.,* 550; *Smith vs. Wood,* 31 *Md.,* 293.

The admissibility of the evidence taken under a Commission in Chancery, and objected to under the Act of 1864, ch.

Taylor vs. Hill, et al., Trustee.

109, is determined by the fact whether the witness is competent and the evidence is admissible *at the time the evidence is used at the hearing*, and not by the fact whether the witness, was competent at the time the proof was taken under the commission. If the incompetency of the witness is removed between the time when his proof was taken under the commission, and when it is to be used at the hearing, his evidence is *admissible*. *Deakins vs. Hollis*, 7 *G. & J.*, 311; *Tolson vs. Tolson*, 4 *Md. Ch. Dec.*, 119; *Wampler vs. Wampler*, 9 *Md.*, 540; *Cunnningham vs. Dwyer*, 23 *Md.*, 232, 233; *Cooke vs. Cooke*, 29 *Md.*, 550; *Smith vs. Wood*, 31 *Md.*, 293.

Although the *general doctrine* is not disputed, as stated in *Henck vs. Todhunter*, 7 *G. & J.*, 278, that where the appearance of the attorney is entered on the record, it is considered as done by the authority of the party, and whatever is done in the progress of the cause in which such appearance is entered, is esteemed as done by and binding on him; yet this rule has its exceptions. If by reason of Samuel H. Berry, an attorney, having the cause docketed against the appellant "to lie," and appearing thereto *without* authority, the appellant was prevented from having notice of the suit, and has been rendered liable for the payment of a debt which, *ex œquo et bono*, he is not bound to pay, and has been deprived of an opportunity of making a meritorious defence to the action, which he would have made, if apprized of its pendency, then equity will interfere and grant relief. *Munnikuyson vs. Dorsett*, 2 *H. & G.*, 374; *Fowler vs. Lee*, 10 *G. & J.*, 358.

The appellant had a *meritorious* defence. The notes upon which the judgments were obtained, were drawn or endorsed in the name of Berry & Taylor, nearly a year after the dissolution of the firm—in the handwriting of A. B. Berry—and without the knowledge, consent or sanction of Taylor. Berry had no right to use the name of "Berry & Taylor" upon the notes when they were drawn or endorsed, and Taylor was not liable for their payment. *Hurst & Berry vs. Hill*, 8 *Md.*, 399; *Ellicott vs. Nichols*, 7 *Gill*, 85; *Hopkins vs. Boyd*, 11 *Md.*,

Taylor vs. Hill, et al., Trustee.

107; *Woodruff & Robinson vs. Munroe*, 33 *Md.*, 147; *Bank of Port Gibson vs. Baugh*, 9 *Smedes & Mars.*, 290; *Perrin vs. Keene*, 19 *Me.*, 355; *Lusk vs. Smith*, 8 *Barb.*, 570.

No witness is examined on the part of the defendants to prove *when* the notes came into the possession of the bank—whether *before* or *after* maturity; the bank does not deny that it had knowledge of the dissolution of the firm, nor is any evidence taken to show that it had no notice. There is no proof to show that the bank had been in the habit of discounting the paper of Berry & Taylor during the existence of the partnership. In the absence of any proof of *prior* dealings with the firm of Berry & Taylor, the law does not require the same *positive affirmative* proof of the notice of dissolution. In the absence of all proof upon the subject of notice of dissolution, the law will presume such knowledge upon such a length of time as has elapsed.

*C. C. Magruder* and *William H. Tuck*, for the appellees.

The appellant was incompetent as a witness under the Act of 1864, ch. 109, because of the death of A. B. Berry; the dismissal of the bill as against his administrators did not give effect to the evidence of the appellant, if he were incompetent when his testimony was taken, for at that time the administrators of A. B. Berry were parties to the cause. *Smith vs. Wood*, 31 *Md.*, 296.

The evidence of S. H. Berry shows that he had authority to act for the appellant in matters connected with the firm of Berry & Taylor. If he is contradicted by the appellant, his statement ought to prevail as being that of a disinterested witness.

If Berry had not such authority, it is no ground for the injunction. *Henck vs. Todhunter*, 7 *H. & J.*, 278; *Munnikuyson vs. Dorsett*, 2 *H. & J.*, 374; *Fowler vs. Lee*, 10 *G. & J.*, 363.

There was no meritorious ground of defence to entitle the appellant to the relief sought. *Fowler vs. Lee*, 10 *G. & J.*, 363.

Taylor *vs.* Hill, *et al.*, Trustee.

The bank came into possession of this negotiable paper in due course of business. It had no knowledge of the dissolution of the firm ; no notice of the fact appears to have been given, and it continued to deal with A. B. Berry for the firm as it had before. If there were any private arrangement as to the manner of signing notes, it did not affect strangers, ignorant of the terms of the partnership.

ROBINSON, J., delivered the opinion of the Court.

This bill is filed to restrain the further execution of two writs of "*fieri facias,*" on judgments, recovered against the appellant, as surviving partner of a certain Albert B. Berry.

The complainant claims relief mainly on two grounds : 1st. That the notes upon which the judgments were entered, were drawn in the name of the firm, by Albert B. Berry, after the dissolution of the same, and negotiated by him for his private use and benefit ; and 2dly. That suits were docketed and judgments confessed thereon by an attorney, without the authority or knowledge of complainant.

The proof shows that Berry & Taylor were extensively engaged in the milling business at Bladensburg—that Berry was in the habit of issuing and negotiating commercial paper in the name, and for the purpose of raising money for the use, of the firm—and that the appellees were in the habit of discounting the same in the regular course of their business. The dissolution was *voluntary*—of which no notice was ever published, nor is it pretended that the appellees had any actual knowledge in regard thereto.

In the absence of notice of dissolution, the appellees continued to deal with A. B. Berry, for, and on account of the firm—and the notes in question, came thus into their possession in the due course of business.

Ordinarily it is true, one partner cannot bind another after dissolution of the firm, but where the same is *voluntary*, notice of some kind is necessary to prevent *fraud* and *imposition* on *third* parties who have been in the habit of dealing with the

firm. *Ellicott vs. Nicols,* 7 *Gill,* 86; 3 *Kent's Com.,* 67; *Story on Partnership,* sec. 334.

If such is the law, then, the complainant is not entitled to the relief prayed, because the bill does not disclose a *meritorious ground of defence.*

It is hardly necessary to say that the private arrangement between the members of the firm in regard to the making or signing of notes, could in no manner affect strangers dealing with the firm and ignorant of its terms.

Whether the confession of judgment by an attorney was binding on the complainant, under the peculiar circumstances of this case, or whether the latter was a competent witness under the Act of 1864, ch. 109, and 1868, ch. 116, are questions not necessary to be decided in this case.

Being of opinion that the injunction was properly dissolved, the decree below will be affirmed.

*Decree Affirmed.*

(Decided 20th June, 1872.)